UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

THOMAS E. PEREZ, Secretary of Labor,  )
United States Department of Labor,  )
)
Plaintiff,  )
)
v.  )
)  Civil Action No. 3:14-cv-00596-~~sls~~ wmc
)  Judge ~~Stephen L. Crocker~~ William M. Conley
)
CARL'S LANDSCAPE SERVICE, INC.,  )
a corporation, and DARRELL KASNER,  )
an individual,  )
)
Defendants.  )

## CONSENT JUDGMENT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, ("Plaintiff") having filed his Complaint and Defendants **CARL'S LANDSCAPE SERVICE, INC.** a Wisconsin corporation, and **DARRELL KASNER**, an individual, (hereinafter collectively "Defendants"), agree to the entry of this Consent Judgment under the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter "the Act" or "FLSA").

The parties have agreed to settle this matter under the terms defined hereunder. By entering into this consent judgment, Defendants admit no wrongdoing and do not waive any objections, privileges or defenses, which they may have with respect to any future investigation, assessment of civil money penalties under the FLSA, or other proceeding between the parties.

Defendants hereby acknowledge that Corporate Defendant **CARL'S LANDSCAPE SERVICE, INC.**, is and at all times hereinafter mentioned, was an enterprise or comprised an

enterprise engaged in commerce within the meaning of sections 3(r) and 3(s)(1)(A) of the Act. 29 U.S.C. §§ 203(r), 203(s)(1)(A).

Defendants hereby acknowledge that Individual Defendant **DARRELL KASNER**, at all times hereinafter mentioned, acted directly or indirectly in the interest of **CARL'S LANDSCAPE SERVICE, INC.**, in relation to employees within the meaning of section 3(d) of the Act and is responsible for compliance with the Act and for the obligations contained herein. 29 U.S.C. § 203(d).

**NOW**, therefore, upon motion for the attorneys for Plaintiff and Defendants, and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to section 16(c) and 17 of the Act as follows.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, pursuant to section 17 of the Act, that the Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the Act in any of the following manners.

I

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the Act).

2

## II

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed.

## III

Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516. This includes, but is not limited to, maintaining records of all hours worked by each employee in each work day and each workweek, and records of compensation paid to each employee in each workweek.

## IV

Defendants and their agents shall not, contrary to section 15(a)(3) of the Act, threaten, retaliate, or discriminate in any way against any current or former employee of Defendants for exercising any rights under the FLSA, including employee complaints regarding FLSA compliance made to Defendants or any enforcement agency responsible for enforcing the Act.

## V

Defendants acknowledge that employee travel time to and from Defendant's primary workplace to landscaping and snow removal jobsites, as well as between jobsites, may be compensable hours worked, subject to the provisions of the FLSA and the Employee Commuting

Flexibility Act, which amended the Portal to Portal Act (29 U.S.C Chapter 9), and shall be recorded as required under these laws.

## VI

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the Plaintiff and against the Defendants in the total amount of $7,000.00, as provided under Section VII below.

**A.** Defendants shall pay to Plaintiff the sum of $7,000.00 to former employees Henry Cangi and Ned Pfannerstill.

**B.** The alleged unpaid compensation damages referred to hereinabove cover the former employees identified above, respectively, for the following time period: August 20, 2011, to September 5, 2014.

## VII

The monetary provisions of this judgment shall be deemed satisfied by Defendants, upon the following:

1. Defendants shall deliver to Wage and Hour's counsel the total sum of $7,000.00 (less applicable Wisconsin and federal payroll deductions required by law), which represents unpaid wages, as follows: a) $3,500 at the time of execution of this agreement, and b) $3,500 by December 31, 2015. The Defendants shall deliver to Wage and Hour's counsel payroll checks made payable to the order of the former employee or "Wage and Hour, Div., Labor," as alternative payees (e.g., "PAY TO THE ORDER OF JANE DOE or WAGE AND HOUR DIV., LABOR") and distributed in the amounts listed on Exhibit A (less the applicable payroll deductions referenced above).

2.     In conjunction with the delivery of the aforesaid checks to Wage and Hour's counsel, the Defendants shall provide to Wage and Hour's counsel located at 230 S. Dearborn St., Room 844, Chicago IL 60604-1595, a schedule listing the name, last-known address, social security number, gross amount of wages due, net amount due after taxes and other legal deductions, for each employee listed on the attached Exhibit A.

3.     The Defendants shall remain responsible for paying the employers' share of any applicable taxes to the appropriate State and Federal revenue authorities.

4.     Wage and Hour shall distribute the proceeds of each check to the persons enumerated in Exhibit A or to their estates, if that be necessary, and any amount of unpaid compensation not so paid within a period of three (3) years from the date of receipt thereof shall be conveyed into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the Act.

## VIII

Defendants shall not request, solicit, suggest or coerce, directly or indirectly, any employee or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check or in any other form, for wages previously due or to become due in the future to said employees under the provisions of this judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate against any such employee because such employee has received or retained money due from the Defendants under the provisions of this judgment or this Act.

## IX

FURTHER, it is agreed by the parties herein and hereby **ORDERED** that each party bear his, hers or its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

FURTHER, this Court shall retain jurisdiction of this matter to enforce the terms of the Consent Judgment.

Dated January 22, 2016

District Judge ~~Stephen L. Crocker~~ William M. Conley

Consented to By Plaintiff:

**M. PATRICIA SMITH**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

Consented to By Defendants:

1-12-2016

**DARRELL KASNER**
Individually and as Owner
of Carl's Landscape Service, Inc.

s/David J. Tanury

**DAVID J. TANURY**
Attorney

**U.S. Department of Labor**
Office of the Solicitor
230 S. Dearborn St., #844
Chicago, Illinois 60604
Tel. No.: 312-353-4454
Tanury.david.j@dol.gov

Carl's Landscape Service, Inc.
7797 County Road A,
Arpin, Wisconsin 54410

1/12/16

**JENIFER D. BINDER, ESQ.**
Attorney for Defendants
2900 Hoover Road, Suite A
Stevens Point, Wisconsin, 54481

6

## EXHIBIT A

|  | At signing of Agreement | By December 31, 2015 |
|---|---|---|
| Henry Cangi | $3,000.00 | $3,000.00 |
| Ned Pfannerstill | $500.00 | $500.00 |